Christopher C. McGrath, S.
In this accounting proceeding the petitioner requests the court to direct the method to be used to distribute the share of certain foreign nationals in this éstate and to fix the compensation of the attorney executor.
The testator died on November 4, 1961. His will dated September 7,1961 was admitted to probate and letters testamentary were issued to the named executor on March 8,1962. Under the terms of the will seven beneficiaries, all of whom reside in *806 Czechoslovakia, are entitled to share in the sum of about $28,000 in varying proportions. Four of the legatees who receive a total of $17,000 are nephews of the decedent. The other three legatees are not related by blood to the deceased." All of these beneficiaries have by duly executed powers of attorney designated the firm of Wolf, Popper, Ross, Wolf and Jones, attorneys at law, as their attorneys in fact with full power to receive the said funds and to do everything necessary to obtain the legacies which are allegedly due them.
The executor has indicated in his accounting that he is in doubt whether he should pay the legacies of these foreign nationals by payment to the attorneys in fact or whether he should transmit the< legacies to the beneficiaries through the medium of Tuzex gift vouchers. The attorneys in fact have indicated that if the court is unwilling to permit the payment of the legacies to them in their capacity as attorneys in fact they will offer no objection to the proposal of the executor to pay the legacies through the medium of Tuzex goods, that is Tuzex gift vouchers.
Section 269-a of the Surrogate’s Court Act, among other things, states as follows: “1. Where it shall appear that a legatee, distributee or beneficiary of a trust would not have the benefit or use or control of the money or other property due him, or where other special circumstances make it appear desirable that such payment should be withheld, the decree may direct that such money or other property be paid into the surrogate’s court for the benefit of such legatee, distributee, beneficiary of a trust or such person or persons who may thereafter appear to be entitled thereto. Such money or other property so paid into court shall be paid out only by the special order of the surrogate or pursuant to the judgment of a court of competent jurisdiction.”
The court hold a hearing to afford the interested parties an opportunity to satisfy the requirements of section 269-a of the Surrogate’s Court Act that these foreign legatees will receive the benefit or use or control of the money or other property due them.
On the basis of the affidavits submitted and from the testimony adduced before the court, it was established that Tuzex Foreign Trade Corporation of Prague, Czechoslovakia operates 16 stores within Czechoslovakia through which a wide variety of merchandise can be purchased by persons in Czechoslovakia with certain foreign currencies or Tuzex gift vouchers or coupons. It was shown that persons wishing to send Tuzex gift certificates or parcels to residents of Czechoslovakia may *807 make their purchases in the United States through any of the company’s sales representatives by paying the indicated price as shown on a circular or price list and paying in addition thereto the sum of 50 cents for any purchase up to $7 and the sum of $1 for any purchase amounting to over $7. It was further testified that no taxes, duties or other charges were imposed in Czechoslovakia upon Tuzex gift certificates or parcels. In addition, testimony was offered that delivery of the merchandise is guaranteed by the Tuzex Foreign Trade Corporation.
It was further developed at the hearing through the testimony of the second secretary of the Czechoslovakian Embassy in Washington, D. C., that these stores are State-owned national enterprises and are controlled by the government of Czechoslovakia. It is a well-recognized fact that Czechoslovakia is behind the so-called ‘ ‘ Iron Curtain ’ ’ and this court will take judicial notice of that fact (Matter of Marek, 11 N Y 2d 740; Matter of Klein, 203 Misc. 762).
Although the court might be impelled from humanitarian motives to permit the executor in this estate to use the Tuzex gift vouchers as a means of paying the legacies to the foreign beneficiaries, this court cannot grant the application because there is no reasonable assurance that there has been compliance with the provisions of section 269-a of the Surrogate’s Court Act. Furthermore, it appears to this court that the use of Tuzex gift vouchers could very well be further ingenious attempts by Iron Curtain countries to circumvent section 269-a of the Surrogate’s Court Act.
The court finds from all the evidence adduced at the hearing that circumstances have not changed in Czechoslovakia to an extent which would impel this court to reach a determination different from that which was arrived at in Matter of Marek (13 A D 2d 917, affd. 11 N Y 2d 740, appeal dismissed 371 U. S. 30 for want of a substantial Federal question) and for the reasons set forth in Matter of Geiger (7 N Y 2d 109) and in Matter of Klein (203 Misc. 762).
Accordingly, this court will not authorize the executor to make payment through the medium of Tuzex gift vouchers but will require the amounts due the Czechoslovakian legatees to be paid into court in accordance with the provisions of section 269-a of the Surrogate’s Court Act.
The personal claim of the attorney executor will be allowed and his compensation for services rendered herein is fixed and allowed in the amount requested.